REQUESTED BY: Charles A. Kandt Lincoln County Attorney
Is a scheme in which the participants are given "play money" absolutely free with which to play in card games and other games of chance and eventually use their winnings, if any, to bid at an auction for valuable prizes an illegal gambling scheme?
No.
You state that in the scheme envisioned the participants are given an equal amount of play money absolutely free and without any hidden charges whatsoever to use to engage in playing cards and other games of chance; that at the end of the evening those who have play money left may use it to bid at an auction upon valuable merchandise prizes which have been contributed without charge by merchants.
Setting aside this complicated scheme for a moment, let us consider a more direct approach which contains the same elements. Suppose, for example, that prizes were donated by some outside source to an organization to give to persons attending a particular function. The recipients of the prizes are to be determined by drawing numbers put in the hat by those attending. There is absolutely no charge to those putting numbers in a hat for that privilege or for the privilege of attending the function. There is no question in this example, that the winners of these prizes would be the recipients of gifts from the donors because the participants in the game had to pay nothing to attend or to play. The Supreme Court of Nebraska and the courts throughout the country have uniformly defined gambling as requiring three basic elements, i.e., 1.) prize, 2.) chance, and 3.) consideration or price. If anyone of the elements is eliminated, it is not gambling. Contact Inc. v. State, 212 Neb. 584, Baedaro v. Caldwell, 156 Neb. 489.
Although the scheme envisioned here is more complicated it amounts to the same as the above example; the play money is part of the paraphernalia of the game or scheme and is not the price of playing as long as it is received absolutely without any direct or indirect charge. The prizes ultimately received, are gifts to the participants for which no consideration is paid. Just as the numbers in the hat in the above example were used to determine the winners, here the play money is used to determine the winners, but instead of a drawing, the games of chance are used to give some persons more numbers to put in the hat, as it were, than others.
The participants in the games are not out of pocket for engaging in the games of chance whether or not they eventually win a prize, nor is the play money of any value to them, if they have any left, once the prizes have been awarded. Thus, one of the elements of gambling, the consideration or price to play, has been eliminated.
On the other hand, if a charge is made to attend and play games of chance in which prizes are awarded, it is gambling. Even a hidden charge, such as a dinner, would be suspect. Some non-profits organizations may legally charge to hold drawings when the proceeds are used for charitable or community betterment purposes. See §9-401, et seq., and 9-501, et. seq. (1986 Supp.).
Respectfully submitted,
ROBERT M. SPIRE Attorney General
Melvin K. Kammerlohr Senior Assistant Attorney General